UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| PAUL E. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:05-cv-494 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| KELLEAH KONTEH, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## <u>ORDER TO FILE AMENDED PETITION</u>

This is a habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner filed a previous habeas corpus action that was dismissed by the Court without prejudice as a "mixed-petition" because it contained both exhausted and unexhausted claims.  *See Smith v. Konteh*, 1:05-cv-300 (W.D. Mich. June 8, 2005).  The Court found that Petitioner had presented only three of his six grounds for habeas corpus relief in both the Michigan Court of Appeals and the Michigan Supreme Court.  The Court found that Petitioner had sufficient time to return to the state courts to exhaust all claims before the statute of limitations expired.

Rather than returning to state court, Petitioner filed the present case.  In the instant action, Petitioner states that he wishes to "vacate" his unexhausted claims and proceed on his exhausted claims.  Petitioner is hereby advised that his decision to dismiss his unexhausted claims may result in a forfeiture of his ability to pursue those claims in any future habeas corpus action. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("Thus a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent

federal petitions."); *see also Rhines v. Weber*, 125 S. Ct. 1528, 1534 (2005).  The Habeas Corpus Act contains strict limitations on a petitioner's ability to bring a second or successive petition and allows such a petition only by leave of the Court of Appeals, under limited circumstances.  *See* 28 U.S.C. § 2244(b).  If Petitioner wishes to pursue only his exhausted claims in the present action, he should be aware of this potential adverse consequence.

Petitioner has presented what purports to be an amended petition.  The petition, however, contains all six of Petitioner's original grounds for relief.  While Petitioner makes the handwritten notation "vacated in part" at various places in the petition, it is not at all clear upon which claims he intends to proceed.  *Therefore, if Petitioner wishes to proceed in this action, he must file an amended petition setting forth only the exhausted claims that he intends to pursue in this action.*  Petitioner need not re-file his exhibits, briefs and other materials filed with his petition, as they will be retained by the Court.  To assist Petitioner, the Court hereby directs the Clerk of the Court to send to Petitioner a copy of the form for a petition filed pursuant to 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.  Petitioner shall submit an amended petition by filing his habeas petition on the appropriate form within thirty days from the date of entry of this order.  If Petitioner fails to submit an amended petition in proper form within the time allowed, the petition may be dismissed without prejudice by the district judge.

DONE AND ORDERED this 23rd day of August, 2005.

/s/  Joseph G. Scoville
United States Magistrate Judge

-2-