UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PAUL E. SMITH, JR.,

        Petitioner,               Case No. 1:05-cv-494

v.                                    Honorable Robert Holmes Bell

KELLEAH KONTEH,

        Respondent.
_____/

## MEMORANDUM OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner challenges his jury trial convictions for two counts of first-degree criminal sexual conduct against a person under thirteen years of age, MICH. COMP. LAWS § 750.520b(1)(a), entered in Grand Traverse County Circuit Court on June 28, 2002, for which Petitioner is serving concurrent terms of two hundred and eighty-five months to sixty years and thirty to sixty years. (First Am. Pet. at 1, docket #5.) Presently pending before the Court is Petitioner's motion to amend (docket #48) his first amended habeas corpus petition.

    I.    Procedural History

Petitioner appealed as of right to the Michigan Court of Appeals. His brief, which was filed by counsel, raised the following claims:

1. Did the trial court err by failing to advise [Petitioner] properly and by failing to determine if [Petitioner's] waiver was intelligently and voluntarily made, upon [Petitioner's] request to waive his right to counsel and discharge his attorney and represent himself?

> 2. Did the trial court err, as a matter of law, by overruling [Petitioner's] objection to the introduction of testimony of similar sexual acts committed with complainant's mother, holding that such acts were not evidence of [Petitioner's] character or character traits and not, therefore, subject to the notice provisions of MRE 404(b)(2)?

(Def.-Appellant's Br. on Appeal at iv, docket #36.) Petitioner filed a supplemental *pro se* brief to the Michigan Court of Appeals with his third claim:

> 3. Is the weight of evidence sufficient to prove beyond a reasonable doubt all the elements of the crime in which the [Petitioner] was charged, and convicted.

(Standard 11 Supplemental Br. on Appeal at 23, docket #36.) By unpublished opinion issued on May 11, 2004, the Michigan Court of Appeals rejected all three arguments and affirmed Petitioner's convictions and sentences. (*See* 5/11/04 Mich. Ct. App. Opinion, docket #36.) Petitioner filed a *pro per* application for leave to appeal to the Michigan Supreme Court. By order entered February 28, 2005, the Michigan Supreme Court denied his application for leave to appeal because it was not persuaded that the questions presented should be reviewed. (*See* Mich. Ord., docket #37.)

Petitioner initially filed an application for habeas corpus relief in *Smith v. Konteh,* Case No. 1:05-cv-300 (W.D. Mich.), asserting six grounds for habeas relief, three of which were unexhausted. This Court dismissed Petitioner's application for habeas relief without prejudice as a "mixed petition", *i.e.* a petition asserting both exhausted and unexhausted claims, for failure to exhaust his available state-court remedies on June 8, 2005. *Smith,* Case No. 1:05-cv-300 (W.D. Mich. June 8, 2005), Op. & J., docket ##7-8; *see Rose v. Lundy*, 455 U.S. 509, 22 (1982) (directing district courts to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies). Instead of filing a motion for relief from judgment in state court

to exhaust his unexhausted claims, Petitioner dropped his unexhausted claims and elected to proceed with the following three claims, as stated verbatim from his first amended habeas corpus petition:

1. Petitioner's waiver of his right to counsel on second day of trial was not made knowingly intelligently voluntarily. Thus violating Petitioner's Sixth and Fourteenth Amendment right to counsel. U.S.C.A. 6, 14.

2. Failure of Prosecutor to disclose his intent to offer "other acts" evidence. Thus, violating Petitioner's Sixth Amendment right to call witnesses in his favor to rebut the prosecution case in chief as well as violated the Petitioner's Fifth, Sixth and Fourteenth Amendment right to due process, equal protection of the law and the right to a fair trial and an impartial jury as well as a Brady violation.

3. Evidence adduced at trial is barren any essential elements, thus violating the United States Constitution Fourteenth Amendment, U.S.C.A. 14.

(First Am. Pet. at 6-7, 9; docket #5).[1]

Respondent filed a response to the first amended habeas corpus petition on March 20, 2006, and Rule 5 materials on March 24, 2006. On or about November 30, 2006, Petitioner filed the instant motion to amend his first amended habeas corpus petition (docket #48).

II. Motion to Amend

Motions to amend a habeas corpus petition are governed by Rule 15(a) of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2242 ¶ 3 (application for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."); *Hodges v. Rose,* 570 F.2d 643, 649 (6th Cir. 1978). Under Rule 15(a), a party may amend his pleadings once as a matter of course at any time before a responsive pleading is served. Otherwise, the party may

---

[1] In comparing Petitioner's exhausted claims from the state appellate courts to the claims in his first amended habeas corpus petition, the Court notes that Petitioner added several new constitutional violations to his exhausted claims. This Court will address those new claims when reviewing his first amended habeas corpus petition.

amend only by leave of court, which "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *see Mayle v. Felix,* 125 S. Ct. 2562, 2565 (2005). As Respondent already filed an answer to the petition, leave of court is required here. In determining whether leave should be granted, the habeas court should consider several factors, including undue delay, undue prejudice to the opposing party, and futility of amendment. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Coe v. Bell,* 161 F.3d 320, 341-42 (6th Cir. 1998). A proffered amendment in a habeas case is deemed futile if it lacks merit on its face. *See, e.g. Moss v. United States,* 323 F.3d 445, 476 (6th Cir. 2003). The decision whether to grant leave to amend is discretionary with the district court. *Coe,* 161 F.3d at 342.

In his motion to amend, Petitioner appears to seek two distinct forms of relief: to add supplemental arguments to his first amended habeas corpus petition, and to amend his first amended habeas corpus petition to add new constitutional claims. The Court first addresses Petitioner's request to include supplemental arguments in his first ground for habeas corpus relief. Petitioner requests that this Court include a Sixth Amendment ineffective assistance of trial counsel claim as it relates to the "voluntary" waiver of his right to counsel in his first ground for habeas corpus relief. (Mot. at 7.) The waiver of the right to counsel necessarily involves the intersection of two rights: the Sixth Amendment right to self-representation and to an attorney. When a petitioner invokes one, he necessarily waives the other. *See King v. Bobby,* 433 F.3d 483, 490 (6th Cir. 2006). Petitioner argues that he should not have had to choose between incompetent counsel and proceeding *pro se* at his jury trial. As Petitioner's ineffective assistance of trial counsel claim is effectively intertwined with his first ground for habeas corpus relief, the Court will address the merits of that claim when reviewing his first amended habeas corpus petition. Leave of Court is not necessary in order to allow

Petitioner to submit supplemental arguments. The Court therefore will permit the filing of Petitioner's motion to the extent he raises a Sixth Amendment ineffective assistance of trial counsel claim for his first ground of habeas corpus relief.

Second, this Court construes Petitioner's requests to raise several new unexhausted constitutional violations in his motion as a request to amend his first amended habeas corpus petition. In his motion, Petitioner argues the following new constitutional claims: due process violations under the Fifth, Sixth, and Fourteenth Amendments[2]; Sixth Amendment violations of Petitioner's right to confront witnesses, right to be informed of the nature and cause of the accusation, right to compulsory process for obtaining witnesses in his favor, right to a speedy and public trial, and right to the effective assistance of appellate counsel; and equal protection violations under the Fourteenth Amendment. (Mot. at 54, 60-62, 66.) A habeas corpus petitioner is required to exhaust available state court remedies before seeking habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A). To fulfill the exhaustion requirement, a habeas petitioner must present his federal claims to each level of the state judicial system, including the state's highest court. *See Duncan v. Henry,* 513 U.S. 364, 365-66 (1995). In *Smith,* Case No. 1:05-cv-300 (W.D. Mich. June 8, 2005), this Court dismissed Petitioner's application for habeas relief without prejudice as a mixed petition in accordance with *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). At that time, Petitioner had approximately twenty-three months remaining in the statute of limitations to return to state court to exhaust his unexhausted claims and subsequently file another habeas corpus petition. *Smith,* Case No. 1:05-cv-300 (W.D. Mich. June 8, 2005), Op. at 4 n.2, docket #7; *see also Palmer*, 276 F.3d at

---

[2]Petitioner's unexhausted due process claims relate to his second ground of habeas relief (failure of the prosecutor to disclose other acts evidence). Petitioner exhausted his due process claim for his third ground of habeas relief (insufficiency of the evidence).

781 (finding that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his unexhausted claims in the state court.)  In its Opinion, the Court concluded that Petitioner had the right to present his unexhausted claims in a motion for relief from judgment in state court.  *Smith,* Case No. 1:05-cv-300 (W.D. Mich. June 8, 2005), Op. at 4, docket #7.  Instead, Petitioner filed the instant first amended habeas corpus petition purporting to proceed on his exhausted claims.  Petitioner, however, included several new unexhausted constitutional violations as they relate to the claims that he presented to the appellate courts.  Petitioner's motion to amend further expands his arguments to those new unexhausted constitutional violations.

By asserting several new constitutional claims in his motion to amend, Petitioner essentially creates another mixed habeas corpus petition.  The Supreme Court recently held that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the Antiterrorism and Effective Death Penalty Act's, PUB. L. 104-132, 110 STAT. 1214, goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts.  *See Rhines v. Weber*, 125 S. Ct. 1528, 1534-35 (2005).  In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 1535.  Petitioner fails to demonstrate good cause under *Rhines* for his failure to exhaust his new constitutional claims.  Petitioner declined to return to state court to file a motion for

relief from judgment to exhaust his claims prior to filing the instant first amended habeas corpus petition although he had approximately twenty-three months remaining in his statute of limitations. As Petitioner's above constitutional claims are unexhausted, an amendment to his first amended habeas corpus petition would be futile.

To the extent Petitioner presents supplemental arguments in his motion for a Sixth Amendment ineffective assistance of counsel claim for his first ground of habeas relief in his first amended habeas corpus petition, his motion (docket #48) is granted. To the extent Petitioner's motion to amend seeks to add unexhausted constitutional claims to his first amended habeas corpus petition, his motion is denied.

Date:   December 20, 2006              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE