UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| |
|---|
| PAUL E. SMITH, JR., | Case No. 1:05-cv-494 |
| Petitioner, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Ellen S. Carmody |
| KALLEAH KONTEH, | |
| Respondent. | |

**Opinion and Order**

**Overruling the Petitioner's General Objections;
Adopting the R&R and Dismissing the Habeas Corpus Petition on Its Merits;
Declining to Issue a Certificate of Appealability;
Terminating the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to United States Magistrate Judge Joseph G. Scoville, who issued a Report and Recommendation ("R&R") on Tuesday, February 3, 2009. The court received objections from the petitioner dated Thursday, February 26 and filed on Friday, February 27, 2009, which were timely because this court granted his motion to extend the objection deadline until April 14. Konteh has

not filed a response to the objections.[1] [2]

On Smith's first habeas claim, the Magistrate recommends holding that (1) the Michigan Court of Appeals did not clearly err in finding that Smith was competent to waive his right to be represented by counsel and instead represented himself at trial, nor did that court act contrary to, or unreasonably apply clearly-established federal law in ruling that Smith's decision to do so was knowing, voluntary, and intelligent, and therefore valid, R&R at 23-32 and 34; (2) Smith failed to showed that the attorney who represented him at the preliminary examination rendered constitutionally ineffective assistance, R&R at 32-33.

On Smith's second habeas claim, the Magistrate recommends holding that the Michigan courts did not act contrary to, or unreasonably apply, any clearly-established federal law by

---

[1]

After being served with an R&R, parties have ten days to file objections. *Heggie v. MDOC*, 2009 WL 36612, *1 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (citing 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72 and W.D. MICH. LCIVR 72.3(b)). The ten days did not start until the day after the parties were served, and weekends and federal holidays are excluded. *Heggie*, 2009 WL 36612 at *1 (citing FED. R. CIV. P. 6(a)(1) (when calculating a time period, the period does not begin until the day after the event that triggers the right or obligation) and FED. R. CIV. P. 6(a)(2) (when calculating a time period shorter than eleven days, the court must exclude weekends and holidays)).

[2]

Because Smith is not an attorney and is proceeding *pro se*, he is not registered to participate in the court's Electronic Case Filing ("ECF") system. Accordingly, he sends and receives paper documents by U.S. mail. The court assumes *arguendo* that Konteh likewise received Smith's objections on Friday, February 27, 2009. Konteh had fourteen days to file a response. *Horacek v. Caruso*, 2008 WL 4820483, *1 n.1 (W.D. Mich. Oct. 30, 2008) (Maloney, C.J.) (citing W.D. MICH. LCIVR 72.3(b)). The fourteen days began on Saturday, February 28, the day after he was served, and the court included both weekends and holidays. *Horacek*, 2008 WL 4820483 at *1 n.1 (citing FED. R. CIV. P. 6(a)(1) and (2)).

The fourteen days elapsed on or about Friday, March 13 – or Monday, March 16, if we allow three days for "mailing." *See Rishell v. Standard Life Ins. Co.*, 2009 WL 395884, *2 n.1 (W.D. Mich. Feb. 13, 2009) (Maloney, C.J.) (discussing W.D. MICH. LCIVR 5.7(d)(i)(v) and FED. R. CIV. P. 6(d)). Konteh did not file a response or seek an extension of time in which to do so by that time.

admitting testimony of Smith's wife (the minor sexual-molestation victim's mother) that Smith sometimes placed a pillow over her face while having sexual intercourse, just as the minor victim alleged he did while having sexual intercourse with her, without observing the notice requirement of Michigan Rule of Evidence 404(b), thereby violating his due-process and other federal constitutional rights. *See* R&R at 34-40. The Magistrate also recommends rejecting Smith's claim that the prosecutor engaged in misconduct by failing to disclose in advance the evidence of similar prior sexual acts, and by improperly asking the victim during direct examination if she had any reason to know whether Smith ever placed a pillow over her mother's head during sex. *See* R&R at 40-41. The Magistrate also recommends rejecting Smith's contention that his *Brady v. Maryland* rights were violated because he was not able to produce witnesses with whom he had had sexual intercourse, presumably to testify that he did not place a pillow over their faces during intercourse. The Magistrate reasons that Smith was made aware of the pillow testimony at the preliminary examination, and was not prevented from calling witnesses on that issue, and moreover, he failed to demonstrate that the result would have been different given the other evidence of his guilt. *See* R&R at 41-42.

Finally, the Magistrate recommends holding that the evidence presented at trial was sufficient to support the guilty verdict (on two charges of first-degree criminal sexual conduct with a person under the age of 13) beyond a reasonable doubt. *See* R&R at 42-46.

**Smith's purported objections do nothing to identify any shortcomings in the Magistrate's reasoning.** He does not attempt to show how the Magistrate misconstrued, overlooked, or misapplied any clearly-established federal law – i.e., United States Supreme Court decisions or published Sixth Circuit Court of Appeals decisions – in reaching his conclusion that the

state courts did not make clearly erroneous factual findings or make any legal determinations that were contrary to or an unreasonable application of such law. Rather, Smith asserts only,

> Petitioner now formally objects to the . . . recommendations on page 46 of the [R&R] and recommendation that the habeas corpus petition be denied. * * * Petitioner respectfully objects to all the magistrate['s] proposed findings on the grounds previously stated in petitioner's original habeas petition 1:05-cv-300, and on the grounds previously stated in petitioner's first amended habeas corpus petition 1:05-cv-494 [the instant case] and further on the grounds argued and stated in petitioner's ineffective assistance of counsel claims in his supplement [filed in the instant case with leave of court].

Objections at unnumbered page 2. This does not constitute a specific objection sufficient to trigger this court's review of the R&R.

A party may not simply refer to, and purport to incorporate, arguments, evidence, or authorities from earlier filings in this case or other cases. Smith's objection document could and should have articulated each argument in full and cited all appropriate authority. "It is not the court's job to scour earlier filings for reasoning or citations that [Smith] failed to include in [his] objections, and the court will not do so." *Andreas v. SSA*, 2009 WL 427377, *2 (W.D. Mich. Feb. 18, 2009) (Maloney, C.J.) (citations omitted). *See also Miller v. Palmer*, 2008 WL 4457838, *2 (E.D. Mich. Sept. 30, 2008) ("An objecting party may not simply 'incorporate by reference' earlier pleadings; similarly[,] merely reproducing an earlier unsuccessful motion . . . is not a sufficient objection to the magistrate judge's analysis, and will ordinarily be treated by the court as an unavailing general objection.") (citing *Howard v. HHS*, 932 F.2d 505, 508 (6th Cir. 1991)), *recon. denied*, 2008 WL 5102254 (E.D. Mich. Dec. 1, 2008); *Johnson v. Mati*, 2006 WL 3147738, *1 (E.D. Mich. Oct. 31, 2006) (same); *accord US v. Hinman*, 2005 WL 958395, *2 (N.D. Iowa Apr. 22, 2005) ("The parties are cautioned that they must file new objections to this Report and Recommendation. They may not incorporate their previous objections by reference."), *R&R adopted sub nom. US v.*

*Dose*, 2005 WL 1806414 (N.D. Iowa July 28, 2005).

"'A general objection to the entirety of the magistrate's report has the same effect as would a failure to object'", *Fairfield v. Wacha*, 2008 WL 584940, *2 (W.D. Mich. Feb. 28, 2008) (Maloney, J.) (quoting *Howard*, 932 F.2d at 508), namely, the court need not conduct any review of the R&R. *See, e.g., Deihl v. SSA*, 2008 WL 408463, *2 and n.3 (W.D. Mich. Feb. 12, 2008) (Maloney, J.) ("A party does not state a 'specific' objection by merely incorporating by reference the arguments made in prior briefs, by asserting that he has carried his burden on the point in question, or by complaining that the [state court] or the magistrate judge 'should have' found his arguments persuasive. * * * 'The District Court need not provide *de novo* review where objections to th[e] report and recommendation are frivolous, conclus[ory], or general.'") (quoting *US v. Jones*, 2007 WL 4591915, *10 n.5 (E.D. Tenn. Dec. 14, 2007)) (other citations omitted); *Foster v. Ameriquest Mortgage*, 2009 WL 646420, *2 (E.D. Mich. Mar. 11, 2009) (adopting R&R without review, noting, "Plaintiff does not list specific objections to the [R&R]. Instead, Plaintiff merely attempts to reassert his claims for relief. * * * 'Overly general objections do not satisfy the objection requirement.'") (quoting *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)).

**ORDER**

The petitioner's objections [doc. # 73] are **OVERRULED** as conclusory and general.

The R&R [document #70] is **ADOPTED**.

The habeas corpus petition is **DISMISSED** on its merits.

This is a final order, but the court declines to issue a certificate of appealability.[3]

---

3

On its own, a district court's refusal to issue a COA does not prevent the losing party from

**IT IS SO ORDERED this 23rd day of March 2009.**

                                                /s/ Paul L. Maloney
                                                Honorable Paul L. Maloney
                                                United States District Judge

---

seeking a COA from the U.S. Court of Appeals under FED. R. APP. P. 22. *Williams v. Curtin*, No. 1:2009-cv-86, 2009 WL _____, *__ n. __ (W.D. Mich. Mar. 19, 2009) (Maloney, C.J.) (citing *Wilson v. US*, 287 F. App'x 490, 494 (6th Cir. 2008) ("If the district judge denies a COA, a request may then be made to a court of appeals . . . .") (citing *Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997))).

      However, by failing to file *specific,* supported objections, Smith waived his right to appeal to the Sixth Circuit. *See, e.g., Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520-21 (6th Cir. 2008) (p.c.) (Batchelder, Clay, McKeague) ("The opportunity to object to the recommendation . . . was defendants' opportunity to specifically identify the errors in both the magistrate judge's evaluation of the factual evidence and in his application of the governing law to the facts . . . . Inexplicably, defendants, by failing to cite specific errors of fact or law in the recommendation, forfeited this opportunity. *Their general objection to the magistrate judge's conclusion . . . is simply not effective to preserve their right to appellate review*.") (emphasis added).